UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

Case No.    CV 12-08508-VBF-vbk                                Dated:    July 26, 2013

Title:    *Yongping Zhou, Plaintiff v. Eric Holder and Janet Napolitano, Defendants*

PRESENT:    HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

| Linda Kanter | N/A |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PETITIONER          ATTORNEYS PRESENT FOR RESPONDENT

N/A                                                                                    N/A

PROCEEDINGS (IN CHAMBERS):    ORDER OVERRULING PLAINTIFF'S OBJECTIONS, DENYING REQUEST FOR *NUNC PRO TUNC* EXTENSION OF BRIEFING AND OBJECTION DEADLINES, ADOPTING THE REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, and DISMISSING THE COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION

For the reasons stated by Magistrate Judge Kenton in his well-reasoned Report and Recommendation ("R&R"), the Court concludes that plaintiff Zhou has failed to carry his burden of establishing subject-matter jurisdiction. *See generally United States v. Williams*, No. 12-50281, – F. App'x –, 2013 WL 2421670, *1 (9th Cir. June 5, 2013) (table decision, not in F.3d or F. App'x) ("[T]he burden of establishing jurisdiction is on the party asserting [that] a cause is properly before the court.") (citing *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000)); *Aloe Vera of America, Inc. v. United States*, 699 F.3d

MINUTES FORM 90                                                    Initials of Deputy Clerk _____
CIVIL - GEN

1153, 1162 (9th Cir. 2012) ("[the plaintiffs] bear the burden of establishing subject-matter jurisdiction") (citation omitted). The Court will adopt the R&R and dismiss the complaint for lack of jurisdiction, *see, e.g., Lopez v. Holder*, 2013 WL 3762456 (S.D. Fla. July 16, 2013), and will deny a certificate of appealability ("COA"). The Court will also deny plaintiff's belated request for extensions of time in which to file his brief opposing the motion for judgment on the pleading and/or substantive objections to the R&R.

**Plaintiff filed objections, but nothing in his objections purports to identify any error of law or fact, or any defect in reasoning, in the R&R.** Rather, plaintiff belatedly seeks yet another extension of time in which to file substantive objections and apparently even to file a belated brief in opposition to the motion for judgment on the pleadings. Plaintiff alleges that he suffers from post-traumatic stress disorder, depression, and other unspecified "pains and disorder", explaining as follows:

> 1. Plaintiff's Post Trauma Stress Disorder broke again last year, he got the medical treatment by his doctor since October 2013 [sic, probably 2012]. He got the 4 kinds of strong medicines to treat his depressions and pains and disorder in these periods. Under the strong medicine influence, under his bad depressed situation, his medical situation made him unable to process the case, unable to prepare his Response to Defendant's [sic] Motion for Judgment, and unable to go on the discovery proceeding, that was why he asked for 5 times continuance.
>
> 2. His current medical situation makes him unable to respond [to] the long report very well since it was so complicated, he is and was under the strong medicine influence. Although he tried his efforts and energy to read the order and the huge old records of his immigration deportation, he was not able to do the complicated legal working in his current medical situation, it just made him more depressed and more stressed.
>
> 3. When he tried to review his big pack [of] documents of his immigration deportation case and his immigrant records, his horrible USCIS detention records and his memory for the USCIS prison triggered out his post trauma stress disorder to break him down again and again and again, even [though] he took the 4 different medicines to combat his post trauma disorder, it did not work out. This was why he had to ask for continuance of this case repeatedly.
> \* \* \*
> 6. Plaintiff's doctor Linda Wang could give the details about his post trauma stress disorder and his current situation and medical treatment. [Although] it was confidential to the public review, his doctor gave the brief written proof, Plaintiff attached it in his pre[v]ious motion.

Doc 55 at 2. Plaintiff asks the Court to contact Dr. Wang to verify his medical condition, "which is not fit to write in paper into the court records, which the public could review" and provides a phone number. *Id.* at 3.

**The Court will deny this request for an extension of time for numerous reasons. First,** it was plaintiff who chose to initiate this action when he did, with full awareness of his condition and limitations. **Second, from the outset of the litigation, plaintiff was unable to prosecute the action with dispatch even when accommodated.** He filed the complaint in the Southern District of California on July 14, 2011 (Doc 1), and on October 31, 2012 the judge there issued an order (Doc 3) granting him in forma pauperis status and directing the U.S. Marshal to effect service of process. On March 7, 2012 – nearly eight months after plaintiff filed the complaint and more than four months after the order directing service – the Southern District judge had to issue an order (Doc 5) directing plaintiff to show cause why the action should not be dismissed for lack of prosecution. Plaintiff responded on March 22, 2013 by seeking an extension of time in which to effect service (Doc 7), and the Southern District judge issued an order the next day granting him another sixty days to do so (Doc 8). Plaintiff finally filed proofs of service on May 31, 2013 (Docs 11-12). On August 3, 2012, the Southern District magistrate judge issued an order (Doc 18) scheduling an Early Neutral Evaluation conference for August 22, 2012, and plaintiff responded by unsuccessfully seeking to continue that conference (Docs 18-20).

The case was subsequently transferred to this District, and the defendants filed their dispositive motion on November 20, 2012 (Doc 28). Citing his medical condition each time, plaintiff sought and received *four* extensions of time in which to file a response to that motion. Together, those four extensions moved his deadline from December 20, 2012 to April 26, 2013, *more than five months*. *See* Docs 34-37 and 39-44. Only when plaintiff sought a *fifth* extension of time in which to respond to the dispositive motion did the Magistrate Judge finally deny the request (Docs 45-46) and recommend judgment for the defendants (Doc 48).

According to the Magistrate Judge's Notice accompanying the R&R (Doc 47), plaintiff's objections were due May 23, 2013, yet plaintiff did not file his first objections document until May 28, 2013 (Doc 51). Even then, plaintiff discussed his medical condition rather than purporting to identify any substantive defect in the R&R and filed both a motion for more time in which to file further objections and a motion requesting a hearing to discuss his medical condition (Docs 49-50 and 52). Plaintiff did timely file his "supplemental objections" document on June 17, 2013, but again he discussed his condition rather than identifying any defect in the R&R.

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk _____

**The third reason why the Court will deny the extension request is that plaintiff did not make the request until after one of the deadlines which he seeks to extend** (the deadline for objections to the R&R) and *many months* after the other deadline which he seeks to extend (the deadline for filing a brief in opposition to the motion for judgment on the pleadings). *See AF Holdings, LLC v. Buck*, 2013 WL 79949, *8 (E.D. Cal. Jan. 4, 2013) (stating that infirm appellant "should budget ample time to review case materials, court orders, etc., so as to allow his timely compliance with deadlines despite his medical conditions. Should [he] require additional time to meet deadlines for medical reasons, [he] should . . . confer with opposing counsel and, *if necessary, shall request extensions of time from the court well in advance of the deadline(s) at issue*. Failure to do so may result in . . . the denial of the requested extension(s)." ) (emphasis added); *cf. Scott v. Rubio*, No. 12-2063, – F. App'x –, –, 2013 WL 410865, *3 (10th Cir. Feb. 4, 2013) (noting that judge's denial of extension request did not suggest bias, because "*the Scotts made their request only two days before the deadline* and offered no valid reason for an extension") (emphasis added). In that situation, Federal Rule of Civil Procedure 6(b)(1)(B) requires plaintiff to show excusable neglect, and this he has not done.

Without being unsympathetic, the Court notes that plaintiff has not provided any argument or evidence in favor of a medical extension beyond that provided in previous extension motions – the last of which the Magistrate properly denied after much effort to accommodate plaintiff. *See GMAC Mortgage, LLC v. McKeever*, 2010 WL 3703034, *2 (E.D. Ky. Sept. 13, 2010) ("Instead of raising substantive issues related to the order, McKeever largely repeats her arguments regarding the court's denial of her motion for an extension of time, and again has not identified any provision of either Rule 59 or Rule 60 that would warrant reconsideration.").

**The fourth reason why the Court will deny the extension is that plaintiff has never identified, even in general terms, what his argument for subject-matter jurisdiction would be** if he were granted yet more time to oppose the dispositive motion and/or object to the R&R. He merely asserts that if granted an extension, he could obtain further treatment and, "after he recovers . . . go on proceeding this case." Doc 55 at 3. That is insufficient. *See United States v. He*, 29 F. App'x 438, 441 (9th Cir. 2001) ("[H]e cannot show prejudice resulting from the denial of his continuance motion.  * * *  He has not identified any new arguments or issues he would have made if he had more time to prepare."); *Pitts v. Woodford*, 2009 WL 2984159, *9 (C.D. Cal. Aug. 31, 2009) (Abrams, M.J.) ("[T]he Court concurs with the Court of Appeal's finding that petitioner has failed to

show that a continuance would have served a useful purpose because he has failed to identify any relevant issues that counsel was not provided adequate time . . . to investigate."), *R&R adopted as modified on other grounds*, 2009 WL 2984060 (C.D. Cal. Sept. 15, 2009) (Dale Fischer, J.).[1]

### PLAINTIFF IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Absent a COA from the circuit or district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255," *Chafin v. Chafin*, – U.S. –, 133 S. Ct. 1017, – (2013) (Ginsburg, J., joined by Scalia & Breyer, JJ., concurring), or § 2254, and "'[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant'", *Cleveland v. Babeu*, 2013 WL 2417966, *3 (C.D. Cal. May 29, 2013) (quoting Rule 11(a) of the Rules Governing Section 2254 Cases). The court must consider each claim separately to determine whether a COA should issue on that claim, *Mayfield v. Woodford*, 270 F.3d 915, 922 (9th Cir. 2001) (citing *Petrocelli v. Angelone*, 248 F.3d 877, 883 (9th Cir. 2001)), which means the court may grant a COA on one claim and not on others. *See, e.g., Bowles*, 551 U.S. 205, 127 S. Ct. 2360 (Court of Appeals had granted in part and denied in part the COA).

It is a "rare step" for a district court to issue a COA, *see Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment), and a COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Henry v. Ryan*, – F.3d –, –, 2013 WL 3027404, *9 (9th Cir. June 19, 2013) (citing *Slack* and *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)).

---

[1]

*Cf. United States v. Dilworth*, 2007 WL 3333366, *4 (N.D. Ind. Nov. 7, 2007) ("[He] has not identified any new objections or issues that he would have raised . . . had he been given more time to review the PSR.");

*United States v. Apperson*, 441 F.3d 1162, 1206-07 (10th Cir. 2006) (not abuse of discretion to limit closing argument to 90 minutes per defendant where "Pickard has not identified what additional evidence or theories his counsel would have covered during closing had he been afforded more time");

*Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719-20 (5th Cir. 1999) (not abuse of discretion to deny Rule 56(f) request to postpone summary-judgment ruling where party "failed to identify who could provide information relevant to the issues other than witnesses who had already been deposed").

MINUTES FORM 90                                                                 Initials of Deputy Clerk _____
CIVIL - GEN

In the case *sub judice*, reasonable jurists would not find it debatable that Zhou's complaint must be dismissed because he has not carried his burden of establishing subject-matter jurisdiction. In short, in the current procedural posture of this case, the questions raised by petitioner's claims are not "'adequate to deserve encouragement to proceed further.'" *Jennings v. Baker*, – F. App'x –, 2013 WL 830610, *1 (9th Cir. Mar. 7, 2013) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983)).

### ORDER

Plaintiff's Objections filed May 28, 2013 [document # 51] are **OVERRULED**.

Plaintiff's Supplemental Objections filed June 17, 2013 [document # 55] are **OVERRULED**.

The Report and Recommendation **[document # 48] is ADOPTED**.

The defendants' motion for judgment on the pleadings **[document # 28] is GRANTED**.

The complaint is **DISMISSED** for lack of jurisdiction[2], and the case is **TERMINATED**.

As required by FED. R. CIV. P. 58(a)(1), final judgment is being issued as a separate document.[3]

IT IS SO ORDERED.

---

[2] The dismissal is "*with* prejudice" because there is no action which plaintiff could take, whether by amending the complaint or otherwise, to remedy the lack of subject-matter jurisdiction. *See Phillips v. United States*, 2011 WL 5599933, *1 (D.D.C. Nov. 3, 2011) ("[T]he Court, finding it impossible for plaintiff to overcome the jurisdictional barrier, will dismiss this action with prejudice."); *contrast Sayre v. Shoemaker*, 263 F.2d 370, 371 (5th Cir. 1959) ("[A]ppellant has suggested to this court several different ways in which said declaration can be amended so as to state a claim . . . and dismissed the claim 'with prejudice and without leave to amend.' The appellant has suggested to the court several different ways in which the complaint might possibly be amended to retain federal jurisdiction . . . . [W]e think that appellant should be afforded the opportunity to amend. * * * The judgment of dismissal is therefore reformed to be without prejudice and with leave to amend.").

[3] *See Cox v. California*, 2013 WL 3755956, *2 n.2 (C.D. Cal. July 16, 2013) (Fairbank, J.) (citing *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013) (adopting opinion which concluded, "The Court will issue a separate Judgment as required by Rule 58(a).") and *Stratton v. Buck*, 697 F.3d 1004, 1007 (9th Cir. 2012) ("The district court apparently did not enter a separate Judgment, as required by FED. R. CIV. P. 58(a)(1).")).